3. That the plaintiff has failed to rebut the presumption of correctness attaching to the appraised values herein.

4. That American selling price, as defined in section 402a(g) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the values of the merchandise involved herein.

5. That such values are represented by the appraised values.

Judgment will be entered accordingly.

(R.D. 11748)

EQUIPMENT IMPORTERS, INC. *v.* UNITED STATES

Entry Nos. 22–613; 22–950.

(Decided August 5, 1971)

*Glad & Tuttle* (*Edward N. Glad* and *George R. Tuttle* of counsel) for the plaintiff.

*L. Patrick Gray, III,* Assistant Attorney General (*Morris Braverman, Herbert P. Larsen,* and *Martin L. Rothstein,* trial attorneys), for the defendant.

WATSON, Judge: These two appeals for reappraisement, consolidated for the purposes of trial, place in issue the appraised value of certain merchandise described as " 'Elephant' Brand Chain Hoists." The importations were appraised on the basis of foreign value, pursuant to section 402a(c) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1938. This followed a finding by the appraising official that the importations were specified on the Final List published by the Secretary of the Treasury, T.D. 54521, as "machines, lifting and pulling (similar to chain hoists), not having as an essential feature an electrical element or device," and hence subject to the valuation provisions of the so-called "old" law.

Plaintiff contends that the importations are not described on the Final List and should therefore be appraised pursuant to section

402 (b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, on the basis of export value.

The testimony of two witnesses, one the plaintiff's vice-president, the other the purchaser of the imported merchandise from plaintiff, as well as an exhibit of a chain hoist illustrative of the imported merchandise, establishes that the importations are hand-operated chain hoists.

Plaintiff makes the singular contention that the Final List covers only those machines for lifting and pulling which are *similar* to chain hoists and not those which *are*, in fact, chain hoists. Plaintiff thus wishes to give to the parenthetical phrase, "similar to chain hoists", an exclusionary intent. I am of the opinion that this is a strained and unnecessarily oblique interpretation of the phrase, without any support in the law, the legislative history or common methods of interpretation.

I am of the view that the parenthetical phrase "similar to chain hoists" is quite simply explanatory of the listing and is intended to indicate the type of device covered by the language "machines, lifting and pulling." This is the straightforward interpretation of the phrase and absent any other factor, I see no reason to subject the phrase to convoluted analysis.

Plaintiff seeks to derive support for its position from cases decided under section 402 of the Tariff Act of 1930 holding that it was necessary to consider the foreign or export value of "such" merchandise before resorting to the value of "similar" merchandise. See for example, *Henry Wedemeyer* v. *United States*, 27 Cust. Ct. 449, R.D. 8051 (1951). In the context of that statute, the distinction between identical merchandise and merely similar merchandise was entirely valid and in keeping with the intent of the statute. No equivalent distinction between "such" and "similar" is contained in the Final List and the application of such a dichotomy to the phrase herein is entirely without support.

In sum, the description in the Final List for "machines, lifting and pulling (similar to chain hoists)" is intended to cover both chain hoists and those machines similar thereto. The instant importation is clearly within the scope of this provision. Accordingly, the appraising official acted properly in subjecting the importations to appraisement pursuant to section 402a (c) of the Tariff Act of 1930, as amended. Section 402a (1) gives precedence to the higher of the foreign value or export value. Accordingly, I find that the appraised value herein was correct.

In light of the above, I make the following findings of fact:

1. The merchandise involved in these consolidated appeals for reappraisement consists of certain "Elephant" brand chain hoists exported from Japan in November, 1963 and February, 1964.

2. The appraiser, having determined that the involved merchandise appeared on the Final List promulgated by the Secretary of the Treasury (T.D. 54521) pursuant to section 6(a) of the Customs Simplification Act of 1956 (T.D. 54165), appraised the merchandise on the basis of foreign value as defined by section 402a(c) of the Tariff Act of 1930, as amended, *supra*, at values higher than the invoice unit values.

3. Plaintiff failed to produce any substantial or competent evidence to rebut the presumption that the involved merchandise was freely offered, on or about the dates of exportation thereof, to all purchasers in Japan, for home consumption, in the usual wholesale quantities and in the ordinary course of trade, at prices corresponding to the appraised values.

4. Plaintiff has failed to establish that the involved merchandise was not "machines, lifting and pulling (similar to chain hoists), not having as an essential feature an electrical element or device."

5. Plaintiff failed to produce any substantial or competent evidence that the involved merchandise was freely sold or offered for sale in Japan in the usual wholesale quantities in the ordinary course of trade for exportation to the United States at prices corresponding to the invoice unit values.

I also make the following conclusions of law:

1. The involved merchandise is specified on the Final List promulgated by the Secretary of the Treasury (T.D. 54521) pursuant to section 6(a) of the Customs Simplification Act of 1956 (T.D. 54165).

2. The correct basis for appraisement of the involved merchandise is foreign value as defined in section 402a(c), Tariff Act of 1930, as amended, *supra*.

3. The correct dutiable foreign values of the involved merchandise are the values returned by the appraiser.

Judgment will be entered accordingly.