(A.R.D. 305)

EQUIPMENT IMPORTERS, INC. *v.* UNITED STATES

Entry Nos. 22–613; 22–950.

Second Division, Appellate Term

(Decided August 3, 1972)

*Glad & Tuttle* (*George R. Tuttle* and *Edward N. Glad* of counsel) for the appellant.
*Harlington Wood, Jr.*, Assistant Attorney General (*Martin L. Rothstein*, trial attorney), for the appellee.

Before RAO, FORD and NEWMAN, Judges

FORD, Judge: This case is before us on an application to review the decision of the trial judge in *Equipment Importers, Inc.* v. *United States*, 67 Cust. Ct. 472, R.D. 11748 (1971), in which the appraised value was sustained for the merchandise covered by the two consolidated appeals for reappraisement. The decision therein held the imported chain hoists were properly found by the appraising official to be included on the Final List published by the Secretary of the Treasury, T.D. 54521, and hence properly subject to appraisement under section 402a of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165. Appraisement was made on the basis of foreign value under section 402a(c).

The Final List, *supra*, provides for "Machines, lifting and pulling (similar to chain hoists), not having as an essential feature an electrical element or device." The imported merchandise is in fact chain hoists. Appellant urges that a chain hoist, being the article specified in the parenthetical phrase, can not be similar to a chain hoist and is consequently not on the Final List. Therefore, appellant contends the proper basis of appraisement is export value as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, and that such value is the invoice unit value.

In support of its position, appellant cites the cases of *Greenleaf* v. *Goodrich*, 101 U.S. 278 (1880), which involved an item under section 13, Tariff Act of 1861; *United States* v. *Irving Massin & Bros.*, 16 Ct.

Cust. Appls. 19, T.D. 42714 (1928), and *Scharf Bros. Co. (Inc.)* v. *United States*, 16 Ct. Cust. Appls. 347, T.D. 43089 (1928), which involved section 402(b), Tariff Act of 1922; and *Fujii Junichi Shoten, Ltd., et al.* v. *United States*, 54 Cust. Ct. 277, C.D. 2544 (1965), which involved the language of paragraph 725, Tariff Act of 1930, as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T.D. 52373. While all of these cases involved the word "similar" as found in a number of provisions of various tariff acts, we do not deem them applicable or controlling herein.

It would serve no useful purpose to consider all the variations of meanings of the term "similar" as used in other provisions and in truth and in fact would only tend to create confusion. The meaning of the parenthetical language "similar to chain hoists" in the Final List is in our opinion intended to cover both chain hoists and similar machines as found by the trial court. Such language is explanatory, intending to indicate the type of article covered by the language "Machines, lifting and pulling."

The decision and judgment of the trial court are therefore affirmed.

The findings of fact and conclusions of law of the trial judge are incorporated herein by reference.

Judgment will be entered accordingly.